CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE VA. - FILED

FEB 0 2 2009

JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DONNIE C. MYERS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE KROGER CO., )<br>)<br>Defendant. ) | Civil Action No.: 7:08cv00402<br><br>**MEMORANDUM OPINION<br>& ORDER**<br><br>By: Samuel G. Wilson<br>United States District Judge |

This is a premises liability action under the court's diversity jurisdiction.[1] Donnie C. Myers claims the Kroger Co. ("Kroger") is liable for injuries he sustained after slipping and falling on crushed grapes at a Kroger grocery store. Kroger has moved for summary judgment, arguing that Myers cannot establish that Kroger had actual or constructive knowledge of the crushed grapes. The court denies summary judgment because a reasonable jury could conclude that Kroger's produce clerk, while exercising reasonable care, should have seen the crushed grapes and was therefore negligent in not removing them.

I.

The relevant facts, construed in the light most favorable to Myers, are as follows:

On March 19, 2007, at approximately 7:20 p.m., Myers entered the right entrance of the Kroger grocery store located at 1477 West Main Street in Salem, Virginia. With an unobstructed view, he walked at a diagonal angle toward two rectangular produce islands. Each island was five to six feet wide. Kroger displayed grapes along the front of the right island: green grapes

---

[1] Jurisdiction is proper under 28 U.S.C. § 1332(a) because Myers is a citizen of Virginia, Kroger is incorporated and has its principal place of business in Ohio, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

were on the left and red grapes were on the right.

Myers walked between the islands, and as he rounded the corner of the right island, he slipped on a substance. As he fell to the ground his arm and shoulder hit the corner of the right island. When he got up, he noticed a yellowish looking "glob" about two and a half inches by four and a half inches in measurement. The substance was located between the islands, about a foot from the edge of the right island. Bonnie Chaszar, a Kroger employee who came to his aid, identified the substance as crushed green grapes and also noticed two or three intact grapes lying underneath the front lip of the right island. Sheri Blankenship, the store manager, noted in her incident report that a "[c]ustomer slipped on grape in produce department." (Blankenship Dep. Ex. 1.)

When Myers fell, Matt Davis, the only produce clerk working that evening, was stocking red grapes on the opposite side of the island. The store was "pretty dead" at that time, and he did not see any other customers. (Davis Dep. 14.) Ten minutes prior to the fall, Davis recalls being "at the grapes," but he does not remember stocking green grapes. (Davis Dep. 8-9.) Davis also told Blankenship he was stocking produce between the islands ten minutes prior to the fall. (Blankenship Dep. 48-50.) Kroger trains its employees to watch for items that have fallen on the floor, and to immediately remove them. Davis admitted that he should have seen the crushed grapes, and he could think of no reason why he did not see them. (Davis Dep. 28-29.)

Myers brought a negligence action against Kroger in the Circuit Court for the City of Salem, Virginia. Kroger then removed the action to this court.

2

## II.

Kroger argues that summary judgment[2] is appropriate because Myers cannot establish that Kroger had actual or constructive knowledge of the crushed grapes. Myers argues that because Davis was stocking between the two produce islands ten minutes earlier, a reasonable jury could conclude that Davis, in the exercise of reasonable care, should have discovered the crushed grapes and therefore was negligent in failing to remove them. The court agrees with Myers, and denies Kroger summary judgment.[3]

Under Virginia law, a store owner owes an invitee a duty of reasonable care; it must maintain its premises in a reasonably safe condition and warn customers of unsafe conditions that are known or should be known to the store owner. Winn-Dixie Stores, Inc. v. Parker, 396 S.E.2d 649, 650 (Va. 1990). A customer can prove breach of the duty of reasonable care by proving the store owner had actual or constructive knowledge of the dangerous condition causing the injury. Memco Stores, Inc. v. Yeatman, 348 S.E.2d 228, 231 (Va. 1986). To impose liability on a constructive notice theory, the customer must prove that the dangerous condition "must have

---

[2]Summary judgment is granted only "if the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law." Fed. R. Civ. P. 56(c). The court views the facts in the light most favorable to the non-moving party. See Lee v. York County Sch. Div., 484 F.3d 687, 693 (4th Cir. 2007). To withstand a summary judgment motion, the non-moving party must offer evidence from which a fair-minded jury could return a verdict for the party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

[3]Myers also argues that summary judgment is inappropriate because Kroger's failure to preserve a video-recording of the incident constitutes spoliation of evidence and therefore entitling Myers to an adverse inference. The court does not address this argument because, without considering the video-recording, it finds that Myers has created a triable issue of fact as to whether Kroger was on constructive notice of the crushed grapes.

3

existed for such a length of time as to make it [the store owner's] duty in the exercise of reasonable care to have discovered it." Miracle Mart, Inc. v. Webb, 137 S.E.2d 887, 890 (Va. 1964). To support his theory of constructive notice, Myers relies on Miracle Mart to argue that the crushed grapes were within Davis's plain view.

In Miracle Mart, a customer, while walking behind an assistant manager, slipped and fell on a wet substance on the floor. Id. at 889. The assistant manager was not looking down and was instead looking for a certain item of merchandise. Id. He admitted that he could have seen the substance had he been watching the floor. Id. The Supreme Court of Virginia upheld the trial court's verdict in favor of the customer. Since the dangerous condition was "open and obvious," the jury "had the right to conclude that had [he] been keeping a proper lookout he could have seen this dangerous substance in time to warn the customer." Id. at 890.

For similar reasons, a reasonable jury could conclude that Davis, in exercising reasonable care, would have seen the crushed grapes when he was stocking between the islands ten minutes before Myers fell. Davis testified that the store was "pretty dead" and he does not remember seeing any other customers. Ten minutes before the fall he was near the green grapes and he was stocking produce between the islands. Kroger trains its employees to keep a proper lookout for foreign objects on the floor, and Davis himself admits he should have seen the crushed grapes. Given the size and location of the crushed grapes, a reasonable jury could conclude that Davis, exercising reasonable care, should have seen them when he was near that area ten minutes earlier, and was therefore negligent in not removing them.

Kroger cites Gaudlin v. Va. Winn-Dixie, Inc., for the proposition that the mere presence of employees near a dangerous condition does not establish constructive notice, but Gaudlin can

4

be distinguished. 370 F.2d 167, 170 (4th Cir. 1966). In Gaudlin, a store clerk was working eight to ten feet from where a customer slipped and fell on a radish. Id. Twenty-five to thirty minutes earlier he had swept the floor pursuant to his assigned duty. Id. In the absence of any evidence "as to how long the radish . . . had been there, [or] . . . testimony indicating that it should have been seen and removed by an employee," the Fourth Circuit overturned a jury verdict for the customer. Id. In this case, however, Davis had not swept the area prior to the fall. Nor was he merely near the dangerous condition; his own testimony places him almost directly over the crushed grapes ten minutes before the fall, and he admits he should have seen them.

Kroger also argues that since Myers cannot demonstrate how or when the crushed grapes fell to the floor, he cannot establish constructive notice. However, "with respect to the issue of notice, plaintiff need only show that under some reasonable inference from the evidence [the store owner's] duty to warn against or remedy the dangerous condition had been triggered." Austin v. Shoney's, Inc., 486 S.E.2d 285, 288 (Va. 1997). In this case, it is reasonable to infer that Davis, trained to look for and immediately remove foreign objects from the floor, should have seen the crushed grapes when he was "at the grapes" and stocking in between the islands ten minutes earlier.[4]

---

[4] Kroger also argues that if the crushed grapes were within Davis's plain view, then they were also within Myers's plain view, and summary judgment is appropriate because Myers was contributorily negligent as a matter of law. However, since the crushed grapes were located inside the aisle between the produce islands, and Myers approached the islands at a diagonal angle, the grapes were not necessarily within Myers's plain view.

5

## III.

For the reasons stated, the count **DENIES** Kroger's Motion for Summary Judgment.

It is so **ORDERED**.

**ENTER**: This 2nd day of February 2009.

_____
UNITED STATES DISTRICT JUDGE